**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ULISES ALMARAZ,

      **Plaintiff,**

v.

SERGEANT MAHALAND, SERGEANT
WENTZ, OFFICER ASHBROOK, and
JOHN DOE #'s 1-5,

      **Defendants.**

Case No. 26-cv-8-NJR

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Ulises Almaraz, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Almaraz alleges that Defendants failed to protect him.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

**The Complaint**

In January 2022, Almaraz sought protective custody from the Administrative Review Board ("ARB") due to safety concerns (Doc. 1, p. 2). Almaraz does not identify the specific safety concerns that he faced but alleges that he was granted a one-man cell assignment from the ARB despite his request for protective custody being denied (*Id.*). Almaraz alleges that the ARB's ruling had no expiration date. He alleges that all of the defendants had knowledge of the ARB's ruling.

While at Menard, officials refused to enforce the one-man cell assignment. Although Almaraz warned staff on numerous occasions that he was not to be double-celled, they continued to place him with a cellmate (Doc. 1, p. 3). In June 2023, Sergeant Mahaland and Sergeant Wentz forced Almaraz into a cell with a cellmate (*Id.*). He again informed them of his one-man cell assignment requirement and warned that they were placing him in imminent danger (*Id.*). Almaraz was subsequently assaulted by his cellmate and suffered physical injuries as well as emotional and psychological trauma (*Id.*). Almaraz alleges that an internal review later found that his double-celling assignment was improper and he should never have been placed with a cellmate (*Id.*).

Almaraz further alleges that despite the internal review's findings regarding his cell placement, Officer Ashbrook continued to place Almaraz in "shared housing." (Doc. 1, p. 3). Almaraz alleges that he faces ongoing risks to his safety due to his current placement.

2

## Preliminary Dismissals

Almaraz identifies John Doe #'s 1-5 in his case caption, but he fails to include any allegations against them in his statement of claim. He refers to "defendants" collectively but fails to allege how each of the five unknown defendants were personally involved in the alleged constitutional violation. *Gentry v. Duckworth,* 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under [Section] 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right."); *Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009) ("[l]iability depends on each defendant's knowledge and actions"). In identifying the John Does, he merely alleges that they were staff who participated in, approved, or failed to prevent the constitutional conduct (Doc. 1, p. 2). His claims against "staff" are too generic to state a claim against any specific John Doe. He must allege claims against specific, identified individuals (*e.g.* John Doe #1 officer on first shift, John Doe #2 sergeant on second shift, *etc.*) and must allege how each was personally involved in the incidents at issue in the case. Thus, his claims against John Doe #'s 1-5 are **DISMISSED without prejudice**.

Almaraz also alleges that he was denied his due process rights when officials failed to honor the ARB's findings and rulings because he had a state-created liberty interest in the ARB's determinations (Doc. 1, p. 4). But prison grievance systems do not create protected interests under the Due Process Clause. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, Almaraz's claim under the Fourteenth Amendment is **DISMISSED without prejudice**.

<u>Discussion</u>

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** **Eighth Amendment failure to protect claim against Sergeant Mahaland, Sergeant Wentz, and Correctional Officer Ashbrook for failing to protect Almaraz from an assault by his cellmate.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Almaraz states a failure to protect claim against Mahaland and Wentz. He alleges that he informed these officers about the order to be single-celled and the danger he faced if he was placed with another inmate. Mahaland and Wentz ignored his complaints and his cellmate assaulted him. Thus, he states a claim against Mahaland and Wentz.

But Almaraz fails to state a claim against Officer Ashbrook. He merely alleges that after an internal review found that Mahaland and Wentz were wrong in placing Almaraz in a double-man cell, Ashbrook continued to place Almaraz in "shared housing." (Doc. 1, p. 3). Almaraz fails to allege when Ashbrook placed him in shared housing, or the

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

timeframe that he remained in a double-man cell at Ashbrook's direction. There are also no allegations to suggest that Ashbrook was aware of the determination regarding Almaraz's need for a single-man cell or that there was a specific, impending, and substantial threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Without more, Almaraz fails to state a claim against Ashbrook.

## Disposition

For the reasons stated above, Count 1 shall proceed against Mahaland and Wentz but the claim against Ashbrook and the John Does are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Sergeant Mahaland and Sergeant Wentz: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Almaraz. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Almaraz's motion for service of process by the United States Marshal (Doc. 4) is **DENIED as moot**.

If a defendant can no longer be found at the work address provided by Almaraz, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the

address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Almaraz, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Almaraz is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED:  April 21, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

6

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**